RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 8/11/11
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

CASTLE PEAK RESOURCES, LLC

VERSUS

COLORADO CAPITAL BANK AND,
YARMONY ENERGY, LLC

CIVIL ACTION NO. 11-0766

U.S. DISTRICT JUDGE DEE D. DRELL

U.S. MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand, **doc. # 8,** referred to me by the district judge for report and recommendation.

Facts

This is a revocatory action over a mortgage on mineral interests in Natchitoches Parish. The case was filed in the 10th Judicial District Court, Natchitoches Parish, Louisiana and was timely removed to this court by defendant, Colorado, based on diversity jurisdiction. In the notice of removal, Colorado alleges that its co-defendant, Yarmony, has consented to the removal as per a letter from its attorney which was attached to the Notice of Removal. Plaintiff filed this motion to remand asserting that defendant Yarmony has not properly consented to removal.

Legal Framework

The applicable statute, 28 U.S. § 1332(a), gives federal district courts original "diversity" jurisdiction over suits between citizens of different states if the amount each plaintiff seeks exceeds $75,000. 28 U.S. § 1332(a); Caterpillar v. Lewis, 519 U.S. 61, 62, 117 S.Ct. 467, 469 (1996). All plaintiffs must be diverse from all defendants for the court to have diversity jurisdiction. Exxon Mobil Corp. v. Allapattah Services, Inc., 125 S.Ct. 2611, 2635 (2005). In addition, 28 U.S.C.

§1446(a) has been interpreted to require that all then served properly joined defendants join or consent to the removal. See <u>Nixon v. Wheatley, 368 F. Supp. 2d 635, 638 (E.D. Tex. 2005)</u>; <u>Getty Oil Corporation v. INA</u>, 841 F.2d 1254 (5th Cir. 1988); <u>Fontenot v. Global Marine, Inc.</u>, 703 F.2d 867, 870 n.3 (5th Cir. 1983)[1].

Analysis

In its Notice of Removal, defendant, Colorado, bases its allegation that Yarmony consented to removal on a letter to Colorado's attorney by Yarmony's attorney. In the letter, attorney Feeley states that:

"Yarmony Energy, LLC consents to the filing of the Notice of Removal, and agrees not to object or oppose to (sic) the Notice  or seek remand at any time."

The letter is in writing and is filed in the record, attached to the Notice of Removal.

Plaintiff suggests that there is no evidence that Feeley is the attorney for Yarmony, yet plaintiff does not provide any evidence that he is not. Claims made in a lawsuit in this court must be based on a reasonable belief that they are true under Rule 11.

Plaintiff also alleges that the letter was not signed pursuant to Rule 11 as required for removal under the statute, 28 U.S.C. §1446(a). However, the statute only requires that the Notice of Removal be signed pursuant to Rule 11. Colorado complied with that requirement here.

Similarly, the fact that Yarmony's consent was filed by Colorado and not by Yarmony personally is irrelevant. Our records reflect a timely filed consent by Yarmony.  See <u>Frye v. Airco, Inc.</u>, 269 F. Supp2d 743 (S. D. Miss. 2003). Plaintiff's cited cases from other circuits are

_____

[1]  There are some narrow exceptions to this rule not applicable here. See discussion in <u>Getty</u> at n.9.

2

unpersuasive; this court is bound to follow Fifth Circuit precedent. Yarmony's filed consent is clear and unambiguous and this case was properly removed to this court.

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's motion to remand be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 11th day of August, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE